### ERWIN vs. FENWICK.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. This action is brought on an agreement entered into in writing, between the plaintiff and defendant, by which the latter promised and obliged himself to deliver at the principal plantation of the former, in the parish of Iberville, twenty slaves, ten of whom were to be males, and ten females, for the sum of ten thousand dollars, payable in notes of the plaintiff, at one and two years.

The petition charges, that the defendant has failed to comply with his agreement; avers that

Damages cannot be claimed, on a contract to deliver slaves, till the party is *in delay*, altho' the day of delivery be fixed by the contract

The putting the debtor *in delay* is a condition precedent to recovery, and need not be pleaded in defence.

the petitioner was ever ready and willing to perform his part of it; and states the damages at nine thousand dollars.

The answer sets up several grounds of defence, which do not require to be set forth particularly. The issues joined between the parties were submitted to a jury who found a verdict in favor of the plaintiff for $500. The defendant appealed.

It has been contended in this court, as it was in that of the first instance, that no damages were due to the plaintiff for the breach of the agreement until the defendant was in default (en demeure) by a judicial interpellation, or some act equivalent thereto; that this is an indispensable act on the part of the obligee of a contract for the delivery of a specific thing, before any claim can be made for non-performance; and that until it is done, the obligor has the legal right to discharge his contract by a specific performance, though the time should have elapsed within which it was to be discharged.

With the exception of the case of *Bryant* vs. *Cox*, which went off on another ground, this is the first time in our experience that such a defence has been offered, though the cases in

which it might have been made have frequently

presented themselves.    It is one which cannot
but be felt to have but little relation to the me-
rits of the case, and not likely to promote its
equity.    Yet so clear and positive is our legis-
lation on this subject, that we have been com-
pelled, though slowly and reluctantly, to come
to the conclusion that it must prevail. *Vol.* 3, *N
S.* 574.

The doctrine on which it rests, like most of
the others in our jurisprudence, had its origin
in the Roman law.    In that system, however,
it was limited in such a manner as to meet, in
general, the intentions of the parties, and was
entirely conformable to reason and common
sense.    It was confined to those cases, where,
by the terms of the contract, no particular time
was fixed for the performance, and the neces-
sity of calling on the obligor before there was,
in the eye of the law, a breach of his agreement,
arose from the consideration that it was pre-
sumable it was to be discharged at the demand
of the obligee, and not before.    From Rome,
this principle was carried into France, where
it was extended to all agreements, whether a
certain period was fixed for discharging them
or not.    The utility and wisdom of such regu-

ERWIN
*vs.*
FENWICK.

lations are certainly not obvious to this court. But, considerations of this kind belong to that branch of the government which makes laws, not that which expounds them. Our legislature have adopted, in its entire extent, the rules which are established in France, and we have no alternative but to enforce them. *Toullier*, *vol.* 6, *lib.* 3 *cap.* 3, *no.* 241.

This contract took place under the dominion of the old code. The 46th article of that work, page 268, declares, that " damages are due *only* when the debtor has delayed (*est en demeure*) to fulfil his obligation; except, however, when the thing which which the debtor had obliged himself to give, or do, could have been given, or done, only at a certain time, which he has suffered to elapse."

This article, if it stood alone, would certainly leave it open for construction to say when the debtor was *in delay* in not performing his contract; and the most obvious interpretation would be, that he was so when the contract had prescribed a fixed period for performance, and that period was suffered to elapse without the obligation being fulfilled.

But the law-maker has been careful to exclude any such meaning being attached to these

expressions, for in another article it is stated,
that " the debtor is considered *as having de-*
*ayed (constitue en demeure) the delivery,* af-
ter he has been required to deliver, either by
summons, or by any equivalent act, or by the
effect of the agreement, when it is stipulated,
that without the necessity of any act but by the
mere expiration of the time fixed, the debtor
shall be in default." *C. Code,* 266, *art.* **39.**

If, therefore, damages are only due from the
time the debtor is placed in default, (*en de-*
*meure*) and he be not in default until sum-
moned or called on to perform by some equi-
valent act, the conclusion is irresistible, that in
a case such as this, where he has not been so
placed, no damages can be recovered.

The laws of Spain put the debtor *en mora*
from the day the agreement was to be fulfilled,
without requiring any act on the part of the
creditor. It occurred to us that these provi-
sions might come within a rule we have often
applied to the construction of our code, that
subsequent laws do not repeal former ones by
containing different provisions on the same
matter; that they must be contrary; that the
re-enacting general provisions existing in our
former laws, and inserting them in our code did

not repeal the exceptions which attended these provisions in the system from which they are taken. *Curia Phillipica, lib.* 2, *cap.* 7, *Verbo Page no.* 7.

But this rule cannot benefit the plaintiff in the instance before us, for the mode pointed out by which the debtor is placed in default, is not only different, but contrary, to that prescribed by the laws of Spain. By the provisions in the code, he is *in delay* by summons or some equivalent act; or by the effect of the agreement, when it is stipulated that the mere expiration of the term shall put him in default. By the former law, the expiration of the term without any act on the part of the creditor, or any express stipulation in the agreement, put the debtor *en mora.* Something further is, therefore, now required to be done, and when one law requires no act on the part of the creditor to confer a right, and a subsequent one does, the latter is so far contrary to the former, that a compliance with it is indispensable, otherwise, it would be without any effect whatever.

It now remains for us to consider, and dispose of the objections, which have been made to the exercise of this defence in the case before us.

*First.* It has been contended, that the de-
fendant cannot take advantage of this failure on the part of the plaintiff, on the issues joined;
that it should have been specially pleaded.

But the putting the debtor *en demeure* is an act which must precede the recovery. Damages, says the article already cited from the code, are *only* due after the debtor is in default. It was not, therefore, for the defendant to show he did not owe. It was the duty of the creditor to allege, or at all events to prove, these facts, without which, he had no cause of action.

*Second.* It has been urged, that, by the terms of the agreement, the parties bound themselves to pay all damages that either might sustain, by a failure of the other to comply with his contract. But here again, the defendant is met by the express provisions of the law, which only waives the the necessity of summons, or other equivalent act, when there is a stipulation that by the mere expiration of the term, the debtor shall be in default.

The judge who tried the cause in the court of the first instance, was of opinion, and so charged the jury, that, there being a time and place fixed by the contract for its performance, the defendant was in default without any act

WesternDist. on the part of the creditor. This position is as
*Sept* 1827.
          untenable as those we have just noticed.    It is
ERWIN     true there may be contracts in which the per-
  *vs.*
FENWICK.  formance, at a particular time, is so important
to the creditor, and enters so much into the
consideration, that a failure on the particular
day fixed for its discharge, will place the debt-
or in default; and there may be others where
performance after the day would be impossible,
of which an example may be given, in an agree-
ment to ship goods by a vessel before she sail-
ed, and others of a similar nature. The writers
who treat of this matter, properly consider
questions of this kind, as of fact, rather than of
law.    *Cum sit magis facti, quam juris.*    In
the case before us, we see nothing which would
authorise us to say, that the particular day was
so essential to the contract that the mere expi-
ration of the term placed the debtor in default.
The place being fixed for performance offers
no reason to take it out of the general rule.    If
the interpretation given by the court below
were correct, it would follow, that in every case
where a particular time was fixed for perform-
ance, the debtor would be *en demeure*; but the
provision in our code, already referred to, pro-
hibits such a construction, by declaring, that

the expiration of the term shall not put the debt-
or in default, unless the agreement contains a

stipulation to that effect.   *Code* 269, 39; *Pail-*   ERWIN
*vs.*
*lette on art.* 1146 *of Nap. Code; Pothier on Ob.* FENWICK.
162, 146; *Toullier, droit civil Francais, vol.*
6, *lib.* 3. *cap.* 3, *no.* 250.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed; and it is
further ordered, adjudged and decreed, that
there be judgment against the plaintiff as in case
of non-suit, with costs in both courts.

*Bowen* for the plaintiff, *Simon*, *Brownson*
*& Baker* for the defendant.